# Exhibit A

**THE LAW FIRM OF**
# FENTERS WARD
A I M   T O   W I N

JOSHUA WARD, ESQ.
MANAGING PARTNER

201 SOUTH HIGHLAND AVENUE,
SUITE 201
PITTSBURGH, PA 15206

412-545-3016 OFFICE
412-540-3399     FAX

March 17, 2021

*SENT VIA CERTIFIED MAIL*

Crown Assets Management, LLC
7 Entin Road
Parsippany, New Jersey 07054

**Re: Linda Days v. Crown Asset Management, LLC; Docket No.: GD-20-011119**
*(Complaint in Civil Action)*

To Whom It May Concern,

Enclosed, please find Plaintiff's Complaint in Civil Action in the above captioned matter. Thank you for your time and attention to this matter, please feel free to contact us if you have any questions or concerns.

Very truly yours,

Kyle H. Steenland, Esq.
ksteenland@fentersward.com
Phone: (412) 651-8278

Enclosure(s): 1

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| LINDA DAYS, | CIVIL DIVISION |
| *Plaintiff,* | **ELECTRONICALLY FILED** |
| vs. | Case No. GD-20-011119 |
| CROWN ASSET MANAGEMENT, LLC, | |
| *Defendant.* | **COMPLAINT IN CIVIL ACTION** |

Filed on Behalf of Plaintiff:
Linda Days

Counsel of Record for this Party:
**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:   (412) 545-3015
Fax No.:     (412) 540-3399
E-mail:      JWard@FentersWard.com

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2020, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| LINDA DAYS, | CIVIL DIVISION |
| *Plaintiff,* | **ELECTRONICALLY FILED** |
| vs. | Case No. GD-20-011119 |
| CROWN ASSET MANAGEMENT, LLC, | |
| *Defendant.* | |

## COMPLAINT

AND NOW, comes Plaintiff, Linda Days, by and through the undersigned counsel, The Law Firm of Fenters Ward and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Crown Asset Management, LLC, of which the following is a statement:

## PARTIES

1. Plaintiff, Linda Days (hereinafter "Linda Days"), is an adult individual who currently resides at 42 North 59th St, Philadelphia, Pennsylvania 19139.

2. Defendant, Crown Asset Management, LLC, (hereinafter "Crown Asset Management"), is a limited liability company with its principal place of business located at 7 Entin Road, Parsippany, New Jersey 07054.

## JURISDICTION AND VENUE

3. Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA").

4. Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

2

**PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**

5. On March 9, 2020, Crown Asset Management, filed a Civil Complaint against Linda Days in Philadelphia Municipal Court at Docket Number: SC-20-03-09-4003. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

6. In response to the aforesaid lawsuit, Linda Days engaged The Law Firm of Fenters Ward for representation.

7. The Complaint filed by Crown Asset Management falsely represented that Linda Days owed $2,061.10 of "principal" as a result of her default of a credit agreement. See Exhibit "A".

8. Furthermore, the Complaint did not include a breakdown of all interest and fees included in the amount claimed. See Exhibit "A".

9. By falsely purporting that the entire claimed amount was "principal", Crown Asset Management falsely represented the character, amount, or legal status of a debt in violation of 15 U.S.C.A. § 1692e(2)(A).

10. By falsely purporting that the entire claimed amount was "principal", Crown Asset Management utilized a false representation or deceptive means to collect or attempt to collect a debt concerning a consumer and violated 15 U.S.C.A. § 1692e(10).

**COUNT I**
**VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq.***

11. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

12. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the

3

number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. 1692(a).

13. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

14. Linda Days is a "consumer" as defined by § 1692a(3) of the FDCPA.

15. Crown Asset Management is a "debt collector" as defined by § 1692a(6) of the FDCPA.

16. Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

17. The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

18. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e of the FDCPA.

4

19. On March 9, 2020, Crown Asset Management, filed a Civil Complaint against Linda Days in Philadelphia Municipal Court at Docket Number: SC-20-03-09-4003. See Exhibit "A".

20. The Complaint filed by Crown Asset Management represented that Linda Days owed $2,061.10 of "principal" as a result of her default of a credit agreement. See Exhibit "A".

21. The Complaint did not include a breakdown of all interest and fees included in the amount, rather the complaint purported that the only amount owed was the "principal" amount and further claimed $0.00 in "interest". See Exhibit "A".

22. The Third Circuit has held that "principal" constitutes the original borrowed amount associated with the alleged debt and not the amount subsequently and allegedly acquired by a third party. *Mushinsky v. Nelson, Watson & Assoc., LLC*, 642 F. Supp. 2d 470, 472 (E.D. Pa. 2009).

23. By purporting that the entire claimed amount was "principal", Crown Asset Management falsely represented the character, amount, or legal status of a debt in in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

24. Furthermore, Crown Asset Management therefore utilized false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C.A. § 1650e(10) of the FDCPA.

25. Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

26. Here, the only natural consequence of Crown Asset Management's acts of willfully communicating credit information which was known to be false was to harass, oppress, and abuse Linda Days.

27. As such, Crown Asset Management's conduct, as set forth above, Crown Asset Management violated 15 U.S.C. § 1692d of the FDCPA.

28. Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C. § 1692k(a) of the FDCPA.

29. As a direct and proximate result of Crown Asset Management's violations of the FDCPA, as set forth above, Linda Days has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

30. WHEREFORE, Plaintiff, Linda Days, respectfully requests that this Honorable Court enter judgment in her favor against Defendant, Crown Asset Management, LLC, and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C. §1692k(a), costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: March 17, 2021                            By: _____
                                                Joshua P. Ward (Pa. I.D. No. 320347)
                                                Kyle H. Steenland (Pa. I.D. No. 327786)

                                                The Law Firm of Fenters Ward
                                                The Rubicon Building
                                                201 South Highland Avenue
                                                Suite 201
                                                Pittsburgh, PA 15206

                                                Counsel for Plaintiff

7

## VERIFICATION

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiff. This verification is made on behalf of Plaintiff. Plaintiff will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

THE LAW FIRM OF FENTERS WARD

Date: March 17, 2021            By: _____
                                     Joshua P. Ward (Pa. I.D. No. 320347)
                                     Kyle H. Steenland (Pa. I.D. No. 327786)

                                     The Law Firm of Fenters Ward
                                     The Rubicon Building
                                     201 South Highland Avenue
                                     Suite 201
                                     Pittsburgh, PA 15206

                                     Counsel for Plaintiff

# EXHIBIT A



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Patrick F. Dugan, President Judge   John J. Joyce, Deputy Court Administrator

## STATEMENT OF CLAIM

Code: Consumer Purchase - (4)   SC/CP: # SC-20-03-09-4003

| Plaintiff(s) | Defendant(s) |
|---|---|
| CROWN ASSET MANAGEMENT, LLC<br>AKA/DBA: C/O PRESSLER, FELT & WARSHAW<br>7 Entin Rd<br>Parsippany, NJ 07054 | LINDA DAYS<br>123 W NEDRO AVE<br>PHILADELPHIA, PA 19120 |

**Service Address (information) if other than above:**

*To the Defendant: Plaintiff is seeking a money judgment against the Defendant(s) based on the following claim:*

This lawsuit is for the unpaid balance of the Defendant's obligation under the COMENITY BANK (WOMAN WITHIN) account, having the last four numbers (see attached exhibits to the Confidential Document Form), which was opened on 12/03/2015. The last payment was on or about 12/28/2017. This account is in default in the sum of $2,061.10 and is now owned by CROWN ASSET MANAGEMENT, LLC. An account statement has been attached to the Confidential Document Form.

WHEREFORE, the above named Plaintiff, CROWN ASSET MANAGEMENT, LLC asks for judgment against Defendant(s) for the sum of $2,061.10 together with the costs of this suit.

## Summons to the Defendant
You are hereby ordered to appear at a hearing scheduled as follows:
## Citation al Demandado
Por la presenta, Usted esta dirljido a presentarse a la siguiente:

1339 Chestnut Street 6th Floor
Philadelphia, PA 19107
Hearing Room: 5

May 11th, 2020

10:00 AM

## Amount Claimed

| | | |
|---|---|---:|
| Principal | $ | 2061.10 |
| Interest | $ | 0.00 |
| Attorney Fees | $ | 0.00 |
| Other Fees | $ | 0.00 |
| **Subtotal** | $ | 2061.10 |
| Service | $ | 45.00 |
| State Fee | $ | 14.75 |
| Automation Fee | $ | 5.50 |
| Convenience Fee | $ | 5.00 |
| JCS St. Add. Surcharge | $ | 11.25 |
| JCS St. Add. Fee | $ | 2.25 |
| ATJ Fee | $ | 2.00 |
| ATJ Surcharge | $ | 10.00 |
| Court Costs | $ | 44.00 |
| **TOTAL CLAIMED** | $ | 2200.85 |

Date Filed: 03/09/2020

I am an attorney for the plaintiff(s), the plaintiff's authorized representative or have a power of attorney for the plaintiff(s) in this statement of claims action. I hereby verify that I am authorized to make this verification; that I have sufficient knowledge, information and belief to take this verification or have gained sufficient knowledge, information and belief from communications with the plaintiff or the persons listed below and that the facts set forth are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. &sect; 4904, which concerns the making of unsworn falsifications to authorities. If I am an authorized representative or have a power of attorney, I have attached a completed Philadelphia Municipal Court authorized representative form or a completed power of attorney form.

JONATHAN P. CAWLEY

**Signature Plaintiff/Attorney**
Atty ID #: 079884

**Address & Phone**
400 HORSHAM ROAD SUITE 110
HORSHAM, PA 19044
215-576-1900

NOTICE TO THE DEFENDANT, YOU HAVE BEEN SUED IN COURT.
PLEASE SEE ATTACHED NOTICES

AVISO AL DEMANDADO LE HAN DEMANDADO EN CORTE. VEA POR FAVOR LOS AVISOS ASOCIADOS.

**If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2021, a true and correct copy of the foregoing Complaint in Civil Action was served via first class mail, upon the following:

Crown Asset Management
7 Entin Road
Parsippany, New Jersey 07504

Respectfully Submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: March 17, 2021                              By: _____
                                                  Joshua P. Ward (Pa. I.D. No. 320347)
                                                  Kyle H. Steenland (Pa. I.D. No. 327786)

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

FIRST CLASS MAIL

J.P. WARD & ASSOCIATES, LLC
201 SOUTH HIGHLAND AVE, SUITE 201, PITTSBURGH, PA 15206

**Crown Asset Management, LLC**
**7 Entin Road**
**Parsippany, New Jersey 07054**

Pessin Katz & Workew LLP
MAR 2 3 2021